T.C. Memo. 2021-124

UNITED STATES TAX COURT

KARLA AMBURGEY AND MARY DUTEY-AMBURGEY a.k.a. MARY
AMBURGEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3339-20.                                  Filed November 1, 2021.

<u>C. Page Hamrick III</u>, for petitioners.

<u>Lisa P. Lafferty</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $15,348, an

addition to tax pursuant to section 6651(a)(1) of $1,196, and an accuracy-related

penalty pursuant to section 6662(a) of $3,070 for 2018.  Unless otherwise

indicated, all section references are to the Internal Revenue Code (Code) in effect

**[*2]** at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The issues for consideration are whether for 2018 petitioners are: (1) required to repay an advance premium tax credit (APTC); (2) liable for an addition to tax pursuant to section 6651(a)(1); and (3) liable for the accuracy-related penalty pursuant to section 6662(a).

Background

The parties submitted this case fully stipulated, without trial, pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Florida when they timely filed their petition.

Petitioners, a married couple, reported an adjusted gross income of $181,183 on their joint Federal tax return for 2018. Petitioners did not receive tax-exempt interest, nontaxable Social Security, or excluded foreign earned income during 2018, and their modified adjusted gross income was $181,183.

Petitioners obtained health insurance for 2018 through the Health Insurance Marketplace. They were enrolled in Florida Blue HMO throughout 2018.

[*3] Petitioners' health insurance premium was $1,772 per month ($21,269 for the year).[1]

In 2018 petitioners received an APTC benefit of $1,279 per month, totaling $15,348 for the year.  The APTC was paid directly to petitioners' insurance company and applied to the cost of petitioners' 2018 health insurance premiums.

On April 25, 2019, petitioners untimely filed their Form 1040, U.S. Individual Income Tax Return, for 2018.  Petitioners' 2018 income tax return was due April 15, 2019.  Their return showed a tax liability of $12,821 for 2018.  For 2018 petitioners' household consisted of two people.  Their income tax return for 2018 did not include Form 8962, Premium Tax Credit (PTC), used to reconcile the amount of APTC a taxpayer received with the amount he or she is entitled to receive.

On November 22, 2019, respondent issued to petitioners a notice of deficiency with respect to their Federal income tax for 2018.  Respondent determined that petitioners were not entitled to any PTC and that they must repay the APTC paid on their behalf in 2018.  Respondent also determined an addition to

---

[1]The total annual health insurance premium of $21,269 differs from the product of the monthly health insurance premium multiplied by 12 months--$21,264--due to rounding.

[*4] tax for failure to file timely pursuant to section 6651 and a substantial understatement of income tax penalty pursuant to section 6662(a) and (b)(2). The section 6662 penalty was automatically computed through electronic means.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

I.     APTC

Petitioners do not dispute that an APTC was paid on their behalves. Rather, they dispute that they should have to repay it. The PTC offsets the cost of health insurance. A recipient of the PTC can choose to receive the payments in advance-- an APTC. These payments are paid directly to the insurer. See sec. 36B; McGuire v. Commissioner, 149 T.C. 254, 260 (2017).

At the end of the year a taxpayer who received an APTC is required to reconcile the amount of the PTC already received with the entitlement amount. See sec. 36B(f)(2). A taxpayer reconciles these amounts by completing Form 8962 and filing it with his or her tax return. If the APTC is more than the entitlement amount, the taxpayer owes the Government the excess APTC, and it is reflected as

[*5] an increase in tax.  See sec. 36B(f)(2)(A); Keel v. Commissioner, T.C. Memo. 2018-5, at *6.

A taxpayer with income greater than 400% of the Federal poverty line (FPL) is not eligible for the PTC, meaning the full amount of the APTC received during the tax year must be included as a tax liability on the taxpayer's tax return.  Sec. 36B(c)(1)(A), (f)(2)(B); see also sec. 1.36B-4(a)(4), Example (5), Income Tax Regs.  Household income, as relevant to petitioners, is defined as modified adjusted gross income.  See sec. 36B(d)(1) and (2)(A).  Modified adjusted gross income means gross income adjusted by certain items, including Social Security benefits, not included in gross income.  Sec. 36B(d)(2)(B)(iii).

For 2018 the FPL was $16,240 for a household of two in Florida, and 400% of the FPL was $64,960.  See 82 Fed. Reg. 8832 (Jan. 31, 2017).  Petitioners reported household income of $181,183 for 2018.  Because petitioners were not entitled to the PTC in 2018, any APTC received is excess APTC and must be repaid to the Government.  We hold that they are liable for the $15,348 deficiency.

Petitioners claim respondent cannot assess a deficiency based on excess APTC because the "tax is void and of no effect as in violation of the Constitution of the United States."  We disagree.

[*6] In Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519 (2012), the Supreme Court held that the Affordable Care Act's (ACA) penalty-backed individual shared responsibility payment is constitutional. Petitioners argue that a subsequent opinion, Texas v. United States, 945 F.3d 355 (5th Cir. 2019), rev'd and remanded sub nom. California v. Texas, 593 U.S. __, 141 S. Ct. 2104 (2021), renders the individual shared responsibility payment and associated penalty invalid. We are not persuaded.

In Texas the U.S. Court of Appeals for the Fifth Circuit dealt with 2017 amendments to the ACA that reduced the individual shared responsibility payment under section 5000A(c) to zero. These 2017 amendments were not effective until after December 31, 2018. Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11081, 131 Stat. at 2092. The deficiency at issue here stems from an increase in tax due to excess APTC paid on petitioners' behalves throughout 2018 before the ACA amendments discussed in Texas took effect. Therefore, the reasoning of the U.S. Court of Appeals for the Fifth Circuit in Texas does not apply.

On June 17, 2021, the Supreme Court vacated the judgment of the Court of Appeals in Texas and remanded the case with instructions to dismiss. See California v. Texas, 539 U.S. at __, 141 S. Ct. at 2120. Petitioners have failed to meet their burden of showing that the provisions of section 36B violate the

[*7] Constitution. See Conard v. Commissioner, 154 T.C. 96, 103 (2020) (rejecting taxpayer's constitutional challenge of a Code provision because taxpayer failed to negate "every conceivable basis which might support" the legislation (quoting Estate of Kunze v. Commissioner, 233 F.3d 948, 954 (7th Cir. 2000), aff'g T.C. Memo. 1999-344)).

II.    Addition to Tax

Section 6651(a)(1) imposes an addition to tax if the taxpayer fails to file an income tax return by the required due date, including any extension of time for filing. Under section 7491(c) the Commissioner bears the burden of production with respect to the liability of the taxpayer for additions to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). If the Commissioner meets the burden, the taxpayer has the burden of proving that failure to timely file was due to reasonable cause and not willful neglect. See sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 447.

Petitioners stipulated that they untimely filed their 2018 Federal tax return and have not contended that they had reasonable cause. The Commissioner has met the burden of production. Petitioners are liable for the addition to tax pursuant to section 6651(a)(1).

[*8] III.    Section 6662(a) Penalty

The Commissioner bears the burden of production with respect to the penalty imposed by section 6662(a).  See sec. 7491(c).  This burden of production includes producing evidence that respondent complied with the procedural requirements of section 6751(b).  Respondent's automated underreporter program detected the deficiency, and section 6751(b) does not apply to automated penalties.  See Walquist v. Commissioner, 152 T.C. 61 (2019).

Section 6662(a) and (b)(2) imposes a 20% penalty on any portion of an underpayment attributable to a substantial understatement of income tax.  An understatement of tax is equal to the amount of tax required to be shown on the return, less the amount shown.  Sec. 6662(d)(2)(A).  With respect to individual taxpayers, an understatement of tax is substantial if it exceeds the greater of 10% of the tax required to be shown in the return or $5,000.  Sec. 6662(d)(1)(A).  The deficiency meets these threshold requirements.

The penalty for an underpayment attributable to a substantial understatement of income tax under section 6662(b)(2) will not apply to the extent that a taxpayer shows he or she exercised both reasonable care and good faith with respect to that portion of the underpayment.  Sec. 6664(c).  Petitioners have not argued or

**[*9]** presented any evidence that their underpayment of tax was due to reasonable cause.  Therefore, petitioners are liable for the section 6662(a) penalty.

<u>Decision will be entered for</u>

<u>respondent</u>.